# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TONYA MELLISA HOUSTON,

Defendant-Appellant.

UNPUBLISHED
June 12, 2018

No. 335666
Wayne Circuit Court
LC No. 16-001968-01-FH

Before: BOONSTRA, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right her bench trial conviction of fraudulent use of a public utility under $500, MCL 750.282(1)(a). Defendant was sentenced to one year of probation. We affirm.

This case stems from an investigation by Detroit Edison (DTE) regarding information it received from the Detroit Police Department (DPD). DPD indicated that it had received complaints that the residence in question had electricity illegally connected to it. DTE had turned off the electricity at the residence on July 13, 2015, due to nonpayment. On August 26, 2015, a DTE investigator went to the residence to inspect the meter and saw defendant standing in the driveway by an SUV. The SUV was full of clothing, and defendant told the inspector that she was moving out of the residence. When asked whether she knew that the utilities were turned on, defendant made no reply. The DTE investigator examined the meter and found that it was turned at a 45 degree angle, the seal was missing, and there were "jumpers" inside the "meter block," thus creating an illegal connection. When the DTE investigator asked defendant who had hooked up the service, defendant replied that it was not her, claiming "I do not fool with electricity." The DTE investigator removed the illegal service hook-up. On September 14, 2015, the DTE investigator returned to the residence and found defendant on the porch, where she again contended that she was moving out of the residence. The DTE investigator examined the meter and found that it had once again been tampered with, this time by way using coat hangers to effectuate an illegal connection. Defendant was charged and convicted as described above and she argues on appeal that the evidence presented was insufficient to identify her as the perpetrator. We disagree.

Challenges to the sufficiency of the evidence are reviewed de novo. *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). The reviewing court must determine if,

-1-

viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find that the prosecution proved each essential element of the crime beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation marks and citation omitted). A trier of fact may consider circumstantial evidence and all reasonable inferences that evidence creates. *Solloway*, 316 Mich App at 180-181. "[I]t is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Flick*, 487 Mich 1, 24-25; 790 NW2d 295 (2010) (quotation marks and citation omitted).

MCL 750.282 states, in relevant part:

(1) A person shall not do any of the following:

(a) Willfully or fraudulently injure, or fraudulently allow to be injured, a meter, wire, line, pipe, or appliance belonging to a water, steam, electric, or gas company, or propane gas dealer or distributor.

* * *

(2) A person who violates subsection (1) is guilty of a misdemeanor if the value of the water, steam, electric current, gas, or propane gas used, burned, or wasted, or the damage caused, as a result of the violation, is not more than $500.00. A person who violates subsection (1) is guilty of a felony if the value of the water, steam, electric current, gas, or propane gas used, burned, or wasted, or the damage caused, as a result of the violation, is more than $500.00.

* * *

(6) In all prosecutions under this section, proof that the defendant, other than a lessor, had control of or occupied the premises where the offense was committed, or received the benefit of the water, steam, electric current, gas, or propane gas used or consumed, shall be prima facie evidence of a violation of this section.[1]

The prosecutor must prove each element of a crime beyond a reasonable doubt. *Reese*, 491 Mich at 139. Yet, circumstantial evidence and reasonable inferences arising from that evidence are

---

[1] The prosecution also argues in its appellate brief that defendant need not be found guilty under MCL 750.282(1)(a) specifically, but could have been found guilty under one of the other subsections of MCL 750.282. Yet, the trial court found defendant guilty "because [defendant] fraudulently allowed to be injured a meter belonging to DTE being of value of $500 or less." Because the trial court quoted language from MCL 750.282(1)(a) rather than other subsections, it is clear that the trial court found defendant guilty under subsection (1)(a). Moreover, as there was sufficient evidence to convict defendant under subsection (1)(a), we do not consider whether defendant could have been found guilty under other subsections.

sufficient to prove beyond a reasonable doubt that the defendant is guilty of all the elements of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).

Defendant argues that there is insufficient evidence to convict her. However, there is enough evidence, circumstantial and otherwise, to establish a prima facie case under MCL 750.282(1)(a), and to prove that defendant allowed a meter to be jerry-rigged, that the meter belonged to an electric company, and defendant acted fraudulently. The statute states that to establish a prima facie case, the prosecution must establish that the defendant had "control of or occupied the premises where the offense was committed, or received the benefit of the . . . electric current[.]" MCL 750.282(6). Defendant claims that the trial court's ruling was improper because the trial judge stated in her findings that defendant had access to and control of the residence. However, according to the express wording of the statute, having "control" alone would be sufficient to establish a prima facie case of fraudulent use of public utilities. The wording of the statute, stating that control of the premises is sufficient to establish a prima facie case, is consistent with the trial court's findings that defendant is guilty because she had control of the residence.

Defendant also argues that there was insufficient evidence to establish that she had control of the residence during the period in question. Supporting this contention, defendant points out that the DTE investigator did not observe defendant's belongings in the house and that there was no evidence to suggest habitation, such as mail addressed to defendant delivered to the residence during the period in question. Direct evidence is not necessary, as there was ample circumstantial evidence showing that defendant had control of the residence. See *Carines*, 460 Mich at 757. Defendant was at the residence both times when the DTE investigator came to examine the meter. She was also listed as the tenant on a purported lease she provided to police, and she admitted that she had paid an electric bill for the residence in June of 2015, when her husband told her the electric service had been discontinued because they owed a large bill.

Moving beyond the prima facie case, there is sufficient evidence to establish that defendant fraudulently allowed the meter to be tampered with on at least one of two occasions. See MCL 750.282(1)(a). Defendant points to the absence of certain pieces of direct evidence. Direct evidence is not necessary, as there was sufficient evidence that defendant had "allowed" someone to alter the meter. See MCL 750.282(1)(a). A reasonable trier of fact could find that defendant maintained control of the residence based both on the DTE investigator's testimony and defendant's name as a tenant on the lease, which was in her handwriting. Because of defendant's control, it is unlikely that the damage to the meter was done without her knowledge. Thus, it is a reasonable inference that defendant allowed someone, whether it was her husband or someone else, to tamper with the meter. It is highly unlikely that anyone would have tampered with the meter without defendant noticing it.

There is also sufficient evidence that defendant acted fraudulently. *Black's Law Dictionary* defines fraud as "[a] knowing misrepresentation or knowing concealment of a material fact made to induce another to act to his or her detriment." *Black's Law Dictionary* (10th ed). Defendant argues that the evidence is not sufficient to show that defendant acted knowingly because the DTE investigator did not specifically recall defendant's words indicating that she knew the electrical service was working. Questions of witness credibility are for the trier of fact. *Solloway*, 316 Mich App at 180-181. Regarding credibility, the trial court stated

that the investigator "was a credible witness and that the defendant has a motive for bias in how this case is decided." As such, the trial court was not obliged to believe defendant's testimony that she had moved out of the house, was simply visiting every other day to gather her belongings, and that she knew nothing regarding the electricity. *Id*. at 180-181. The evidence is sufficient to prove beyond a reasonable doubt that defendant knowingly concealed the fact that the residence was receiving free electrical service, inducing DTE to act to its detriment by providing electrical service without receiving payment. Thus, defendant acted fraudulently.

In sum, the trial court did not err by finding that there was sufficient evidence to establish a prima facie case against defendant. Even beyond a prima facie case, based on the evidence presented at trial, a reasonable trier of fact could find defendant guilty beyond a reasonable doubt of fraudulently allowing a meter belonging to an electric company to be injured, thus satisfying all of the elements of public utilities fraud. See MCL 750.282.

Affirmed.

/s/ Mark T. Boonstra
/s/ Jane M. Beckering
/s/ Amy Ronayne Krause